# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| CURTIS CHELEY | CIVIL ACTION NO. 06-508-LC |
| VERSUS | SECTION "P" |
| THE 14TH JUDICIAL DISTRICT COURT, ET AL | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is Curtis Cheley's complaint filed *in forma pauperis* and *pro se* on March 27, 2006. Cheley is a pre-trial detainee awaiting trial on unspecified charges. He is presently being detained at Calcasieu Correctional Center in Lake Charles, Louisiana. Cheley names the 14th Judicial District Court, Judge D. Kent Savoie, and Assistant District Attorney David Kimball as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Cheley states that he has been denied his right to a speedy trial. More specifically, he states that a motion for speedy trial was filed on May 4, 2005 in *State v. Cheley*, 6726-05, but was "overruled" by defendant Savoie. [Doc. #4, p. 3]. Cheley also states that defendant Kimball prevented him from preparing his defense for trial and hindered his rights to request a speedy trial. [Doc. #4, p. 3]. Cheley prays that this court order the 14th JDC to dismiss the indictment in

*State v. Cheley*, 6726-05, and that there be no further prosecution against him "for the same or lesser offense based on the same facts." [Doc. #4, p. 4].

## LAW AND ANALYSIS

Petitioner claims that the 14th JDC has violated his right to a speedy trial. Pre-trial *habeas* relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. See *Dickerson v. Louisiana*, 816 F.2d 200, 224 (5th Cir. 1987) ("[P]re- trial *habeas* relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." *Dickerson*, 816 F.2d at 226). While § 2241 establishes jurisdiction in the federal court to consider pre-trial habeas petitioner, federal courts should abstain from the exercise of that jurisdiction if the issues raised may be resolved by trial on the merits or other available state court procedures. *Dickerson*, 816 F.2d at 225, 229; *Braden*, 410 U.S. 484, 489-492 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This form of judicial abstention was crafted on the grounds of federalism and comity in order to promote the resolution of constitutional issues by state courts in the first instance and to limit federal interference in the state adjudicatory processes. *Dickerson*, 816 F.2d, 225, *Braden*, 410 U.S. at 490-491.

Absent "special circumstances," federal *habeas* relief is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction. *Dickerson*, 816 F.2d at 226, citing *Braden*, 410 U.S. at 489, 93 S.Ct. at 1127.[1] The sixth

---

[1] The sole exception to this rule occurs in cases where double jeopardy is alleged. This is so because the right to be free from double jeopardy includes not only the right to prevail in subsequent proceedings on constitutional grounds, but also the right to be free from the burdens of the subsequent trial as well. See *Fain v. Duff*,

amendment right to a speedy trial is not a "special circumstance" which would permit the federal *habeas* court to adjudicate any of petitioner's affirmative defenses prior to conviction. *Dickerson*, 816 F.2d at 227.

In analyzing pre-trial *habeas* claims, federal courts must be mindful of the "distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson*, 816 F.2d at 226, citing *Brown v. Estelle*, 530 F.2d. 1280, 1283 (5th Cir.1976). In *Brown*, the Fifth Circuit noted: "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies must be met." *Brown*, 530 F.2d at 1283.

Here, petitioner seeks to dismiss the indictment and prevent his prosecution. He asks this court to adjudicate the merits of his affirmative defense prior to a judgment of conviction. Federal *habeas* relief is simply not available to litigants like this petitioner who seek "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson*, 816 F.2d at 225-226 and 229. Thus, to the extent that petitioner seeks dismissal of his pending charges, this court must abstain from the exercise of *habeas* jurisdiction since the issues raised in the petition may be resolved by other state procedures available to the petitioner. If petitioner is convicted, he may raise his constitutional claims on direct appeal and thereafter, if necessary, via an

---

488 F.2d 218 (5th Cir. 1973); *Showery v. Samaniego*, 814 F.2d 200, 210 fn. 5 (5th Cir. 1987).

3

application for post-conviction relief, at which time the Louisiana courts may fully review his claims and either adopt or reject his position. Were this court to exercise jurisdiction at this juncture, it would deprive the Louisiana courts of that meaningful opportunity.

Accordingly,

**IT IS RECOMMENDED** that petitioner's petition for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 10, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE